1  FRANK A. MAGNANIMO
2  **MAGNANIMO & DEAN, LLP**
3  21031 Ventura Boulevard
   Suite 803
4  Woodland Hills, CA 91364
5  Telephone: (818) 305-3450
   Facsimile: (818) 305-3451
6  Email: Frank@MagDeanLaw.com

7  **UNITED STATES DISTRICT COURT**
8  **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESA PARDOS MILLAN, Derivatively on Behalf of Nominal Defendant FIBROGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES A. SCHOENECK, JEFFREY W. HENDERSON, MAYKIN HO, PH.D., BENJAMIN F. CRAVATT, PH.D., JEFFREY L. EDWARDS, RORY B. RIGGS, ENRIQUE CONTERNO, AOIFE BRENNAN, M.B., B.CH., THOMAS F. KEARNS JR., AND GERALD LEMA, <br><br> Defendants, <br><br> FIBROGEN, INC., <br><br> Nominal Defendant. | CASE NO.: 21-CV-05871 <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION** |

1    Plaintiff Vanesa Pardos Millan ("Plaintiff"), derivatively on behalf of Fibrogen, Inc. ("Fibrogen"), and Defendants James A. Schoeneck, Jeffrey W. Henderson, Maykin Ho, Ph.D., Benjamin F. Cravatt, Ph.D., Jeffrey L. Edwards, Rory B. Riggs, Enrique Conterno, Aoife Brennan, M.B., B.Ch., and Thomas F. Kearns Jr. ("Individual Defendants") and with Fibrogen, Inc., Nominal Defendant, (collectively "Defendants") and together with Plaintiff (collectively, the "Parties") jointly submit this Stipulation to temporarily Stay the Derivative Action ("Stipulation"), and in support thereof state as follows:

WHEREAS, Plaintiff Millan filed an action captioned *Millan v. Schoeneck, et al.*, Case No. 21-CV-05871 (N.D. Cal.) purportedly in the right, and for the benefit, of Fibrogen against Defendants seeking to remedy Defendants' alleged breach of fiduciary duties, unjust enrichment, abuse of control, waste of corporate assets and violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") against Defendants Conterno and Schoeneck that it is alleged caused substantial harm to Fibrogen, Inc. (the "Derivative Litigation");

WHEREAS, pending in the United States District Court for the Northern District of California is a putative securities class action captioned *In Re Fibrogen, Inc., Securities Litigation.*, Case No.: 3:21-cv-02623-EMC (the "Securities Litigation");

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

WHEREAS, Fibrogen, Conterno, and Schoeneck, named defendants in the Derivative Litigation, are also named as defendants in the Securities Litigation (the "Securities Litigation Defendants");

WHEREAS, the court in the Securities Litigation on August 30, 2021 selected a lead plaintiff to prosecute the Securities Litigation;

1    WHEREAS, the Securities Litigation Defendants anticipate filing a motion
2 to dismiss for failure to state a claim;

3    WHEREAS, pursuant to the Private Securities Litigation Reform Act
4 ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings
5 shall be stayed during the pendency of any motion to dismiss" and, as result, until
6 the court in the Securities Litigation decides the anticipated motion to dismiss to
7 be filed by the Securities Litigation Defendants, the Securities Litigation will be
8 stayed;

9    WHEREAS, in order ensure economy of time and effort for the Court, for
10 counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the
11 overlap between the Derivative Litigation and the Securities Litigation, and in light
12 of the stay of proceedings which the Parties anticipate will commence by operation
13 of law following the filing of a motion to dismiss in the Securities Litigation, that
14 the Derivative Litigation should be voluntarily stayed on the terms set forth below
15 unless and until either (1) the Securities Litigation is dismissed, with prejudice, by
16 the Federal Court, and all appeals related thereto have been exhausted; or (2) the
17 motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves
18 as a matter of law; or (3) either of the Parties to this Stipulation gives a ten (10)
19 day notice that they no longer consent to the voluntary stay of the Derivative
20 Litigation.

21    WHEREFORE, the Parties, through their undersigned counsel, hereby
22 agree, stipulate, and respectfully request that the Court enter an order as follows:

23    1.    The Derivative Litigation shall be stayed, and the Case Management
24 Conference scheduled for November 1, 2021 and all related deadlines will be
25 vacated, upon the Court's so-ordering this Stipulation as an Order of the Court.

26    2.    Counsel for Defendants signed waivers of service on behalf of
27 defendants James A. Schoeneck, Jeffrey W. Henderson, Maykin Ho, Ph.D.,
28 Benjamin F. Cravatt, Ph.D., Jeffrey L. Edwards, Rory B. Riggs, Enrique Conterno,

Aoife Brennan, M.B., B.Ch., and Thomas F. Kearns Jr., ("Represented Individual Defendants") and have agreed to accept service on behalf of Fibrogen, Inc., Nominal Defendant as of the date of this Stipulation. Individual Defendant Gerald Lema has not yet been served.

3. The Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

4. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with the plaintiff in the Securities Class Action, and shall make a good faith effort to include Plaintiff in any mediation with the plaintiffs in the Securities Class Action. In the event that Defendants' good faith efforts do not result in including Plaintiff in the mediation with plaintiff in the Securities Class Action, then Defendants agree to mediate with Plaintiff in the Derivative Litigation at or about the same time. The Parties further agree that Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall include Plaintiff in any such mediation.

5. The Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.  Defendants expressly do not waive any arguments they may have that any demands in any such amended complaint would not be futile.  Likewise, Plaintiff does not waive any arguments he may have that any demands in any such amended complaint would be futile by looking at the

composition of the Fibrogen board of directors at the time of the filing date of the original complaint;

6. In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Class Action or in any related derivative litigation, or if Defendants produce documents to plaintiffs in any related derivative action before the relative derivative action was filed, copies of such documents shall be provided to Counsel for Plaintiffs within ten (10) days of such production or, if previously produced, within ten (10) days of the filing of a related derivative action, subject to the execution by Plaintiff of a confidentiality agreement governing the use and disclosure of these materials;

7. Upon occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action in whole or in part; or (3) either of the Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

8. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this agreement.

9. The parties to this Derivative Action are not waiving any rights, claims, or defenses of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, or defenses.

DATED: October 25, 2021

**MAGNANIMO & DEAN, LLP**

By: */s/ Frank A Magnanimo*
    FRANK A. MAGNANIMO
21031 Ventura Boulevard
Suite 803
Woodland Hills, CA 91364
Telephone: (818) 305-3450
Facsimile: (818) 305-3451
Email: Frank@MagDeanLaw.com

Thomas J. McKenna
Gregory M. Egleston
**GAINEY McKENNA & EGLESTON**
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*


Dated: October 25, 2021    **COOLEY LLP**

/s/ *Tijana Brien*
By:  John Dwyer
Jessica Valenzuela Santamaria
Tijana Brien
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
Email: dwyerjc@cooley.com
Email: jvs@cooley.com
Email: tbrien@cooley.com

*Counsel for Represented Individual Defendants and Fibrogen, Inc.*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this stipulation.

Dated: October 25, 2021

/s/ *Frank A. Magnanimo*

Frank A. Magnanimo

\*     \*     \*

**ORDER**

IT IS SO ORDERED.

DATED: October 29, 2021

Edward M. Chen
United States District Judge